The finding of neglect is supported by a preponderance of the evidence, which established that respondent neglected the subject child by failing to provide her with proper supervision and guardianship. The child frequently left respondent’s home for days at a time and respondent failed to provide alternate living arrangements, forcing the child, for at least part of the time, to live on the streets (Family Ct Act § 1012 [f] [i]). Further, the evidence showed that respondent failed to seek professional counseling or therapy for the child, whose behavior was uncontrollable, even though such counseling had been recommended by medical professionals (see e.g. Matter of Perry S., 22 AD3d 234, 235 [1st Dept 2005]; Matter of Deanna R.G. [Rajkumare B.], 83 AD3d 1064 [2d Dept 2011]).
*566 Respondent did not object to the court’s entry of a dispositional order without a formal dispositional hearing, and her present objection is, therefore, unpreserved (see Matter of Crystal P. [Andrea LJ, 93 AD3d 576 [1st Dept 2012]). In any event, given that a final discharge of the instant case became effective on March 7, 2012, the child’s 18th birthday, the appeal from the dispositional order is moot (see e.g. Matter of Brianna R. [Marisol GJ, 78 AD3d 437, 439 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). Concur — Tom, J.E, Mazzarelli, Andrias, DeGrasse and Román, JJ.